Hat, Judge,
delivered the opinion of the court:
The plaintiff in this case sues for the sum of $142.93, the difference between $100 per month and $33 per month, the pay received by him from January 6, 1918, to March 9, 1918, when as an enlisted man of the Army he was in training at the Fourth Officers’ Training Camp at Camp Devens, Massachusetts. He enlisted on January 6, 1918, in the Army for the period of three years’ service in the active service and four years in the Regular Army Reserve, which he was required to do in order that he might be admitted to the training camp. After completing the course of training on March 9, 1918, he was honorably discharged from the Army as a private, first class, March 10, 1918, to enable him to accept a commission in the Army of the United States, which commission he accepted on March 11, 1918. This commission appointed him a second lieutenant, Tank Corps, National Army, and he served with the American Expeditionary Forces from October 20, 1918, to January 1, 1919, and was honorably discharged from the service on January 14, 1919.
Under War Department Special Regulations, Nó. 49, dated January 5, 1918, the plaintiff while in training at the camp received the pay and allowances of a private first class. *535 These regulations were issued by virtue of the provisions of the act of May 12, 1917, 40 Stat. 69, 70, and the pay was fixed by the Secretary of War by virtue of the following proviso of said act:
“ Provided, That the Secretary of War is hereby authorized out of this appropriation to pay to persons designated by him for training as officers in the Army during the period of their training a sum not to exceed $100 per month in addition to the allowances authorized by said section fifty-four.”
It is contended by the Government that the Secretary of War in so fixing the pay of the plaintiff was exercising the discretion conferred upon him by the act aforesaid, and that that discretion was not interfered with nor taken from him by the act of June 15, 1917, 40 Stat. 188, which provided: “ Enlisted men of the line. For pay of enlisted men of all grades, including recruits, and pay at $100 per month for enlisted men in training for officers of the Eeserve Corps, $226,882,560.”
This was a deficiency appropriation and authorized pay at the rate of $100 per month up to June 30, 1918. In order to understand the reason of this provision it is necessary to call attention to the fact that the Secretary of War, under regulations promulgated by him, had in the exercise of the discretion given him by the act of May 12, 1917, fixed the pay of civilians at $100 per month, and that of enlisted men at $33 per month. The act of June 15, 1917, as was said by Chief Justice Taft in United States v. Rider, 261 U. S. 363, 366, “ was obviously passed to put enlisted men on a level with civilians going through the same training for commissions in the Eeserve Corps.” If Congress had been satisfied with the pay fixed by the Secretary of War it was not necessary to change the rate of pay which the Secretary had fixed under the provisions of the act of May 12, 1917. The provisions of the act of June 15, 1917, left to the Secretary no discretion, but fixed the pay of enlisted men in training for officers of the Eeserve Corps at $100 per month. It is true that this act of June 15, 1917, was a deficiency appropriation, and expired on July 1, 1918, and, therefore, only applied during the life of the appropriation, but it must be *536 held to apply to all enlisted men who were in training during the fiscal year which expired-on July 1, 1918, and therefore its provisions applied to the enlisted men who were in training for officers of the Reserve Corps at Camp Devens from -January 6, 1918, to March 9, 1918.
The purpose of Congress was to fix the pay of the enlisted men in these training camps, and money was appropriated for that purpose, which money was available until July 1, 1918. As a matter of fact there were no training camps for ■officers of the Keserve Corps after that date. If, then, the .Secretary of War after June 15, 1911, had no authority to fix the pay of these enlisted men, that having been done by ■Congress, the regulation of January 5, 1918, c.ould have no force or effect.
The Government insists, however, that the appropriation ■carried in the act of June 15, 1911, can only be used to pay •enlisted men of the line who were in training for officers of the Reserve Corps. This contention is based upon the wording of the caption of the paragraph. This caption reads Enlisted men of the line,” and then reads “ For pay of ■enlisted men of all grades, including recruits;” and there is -added this provision: “ and pay at $100 per month for ■enlisted men training for officers of the Reserve Corps.”
It seems plain that Congress did not intend that only enlisted men of the line should be paid while in these training camps, for besides enlisted men of the line there are ■other enlisted men in the Army, and these as well as enlisted men of the line were in training for officers of the Reserve Corps, and there was no reason why Congress should in providing pay discriminate between the two classes; and if it was the purpose to confine the pay to enlisted men of the .line, it would have been easy to have said, “ and pay at $100 •per month for enlisted men of the line.” The plaintiff was •an enlisted man during the whole period while he was in training for an officer of the Reserve Corps. That period was from January 6 to March 9, 1918, within the time when the appropriation was available under the act of June 15, 1917. He was enlisted not for the duration of the training ■camp, but for three years in active service and four years an the Reserve, thus being an enlisted man of the Regular *537 Army. If he failed to obtain, a commission he was obligated to serve out his time as an enlisted man.
We see no reason to change our conclusion in Buckenmeyer v. United States, 60 C. Cls. 836.
Judgment will be entered in favor of the plaintiff for $142.93.
GRAilam, Judge; DowNey, Judge; and Booth, Judger concur.